UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FOOTFALL, LLC,

     Plaintiff,

v.

ZOUK CONSULTING PTE LTD, et al,

     Defendants.

Case No. 2:26-cv-01173-ART-EJY

**ORDER**

Pending before the Court are Defendants' two Motions to Seal.  ECF Nos. 17, 20. Unfortunately, there are several issues with the submissions precluding the Court from understanding what information Defendants seek to seal and what information will be filed on the publicly accessible docket.  Both Motions are denied without prejudice.

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy).  The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Here, because Defendants seek to seal documents in support of their dispositive Motions to Dismiss (ECF Nos. 16 and 19), Defendants must demonstrate compelling reasons to seal. Compelling reasons exist where court files have become a vehicle for improper purposes including (but not necessarily limited to) use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets.  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

1

Defendants must also comply with the Court's local rules and practice. When a request to seal is filed, the party seeking to seal must file three things simultaneously. These three things include: (1) the motion to seal, which itself should not be sealed; (2) the unredacted documents sought to be sealed under seal; and (3) a redacted version of the documents to be sealed. If an entire document is sought to be sealed, a placeholder (coversheet) identifying the document by title (by way of example, Exhibit A – Filed Under Seal) must be filed attached to the motion such document supports. LR IA 10-5.

The two Motions to Seal (ECF Nos. 17 and 20) and the sealed exhibits are poorly presented. First, the request to seal appears to be supported by reference to a Stipulated Protective Order filed in Nevada state court. Well settled law establishes a stipulated protective order is not, in of itself, a sufficient basis to support a request to seal. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (parties "may not simply rely on the Stipulated Protective Order … to justify sealing documents" that will be filed on the docket).

Second, the presentation of the exhibits themselves sows confusion. Exhibit 3 to the first Motion to Dismiss (ECF No. 16) is discussed in the Motion to Seal filed at ECF No. 17 and, while filed under seal at ECF No. 18, the document is heavily redacted. The redacted version of this document should *not* be filed under seal, but should be attached, in its redacted form, to the Motion to Dismiss filed on the publicly accessible docket. Moreover, given there is no unredacted version of the document filed with the Court, there is no reason to grant a motion to seal Exhibit 3. Further, without the redacted copy, the Court has no way of evaluating whether the document without redactions is properly sealed. Defendants **must** file (1) an unredacted version of Exhibit 3 under seal, (2) together with a Motion to Seal, and (3) the redacted version of Exhibit 3 on the publicly accessible docket.

Third, Defendants' suggestion that the Court search the state court docket for a document is improper. Parties have a duty to submit to the Court that which it seeks the Court to consider. As the Ninth Circuit confirms, "judges are not like pigs hunting for truffles" in the forest. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Fourth, Exhibit 5 to the first Motion to Dismiss (ECF No. 16) and Exhibit 2 to the second Motion to Dismiss (ECF No. 19) are identical and filed twice under seal. ECF No. 18-1 and ECF No. 21. Defendants' support for sealing these documents is the state court Stipulated Protective Order, which itself is not before the Court and is insufficient to justify sealing. Further, Defendants offer no explanation for why these identical exhibits must be sealed in their entirety and cannot be redacted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

Based on the foregoing, IT IS HEREBY ORDERED that the pending Motions to Seal (ECF Nos. [17] and [20]) are DENIED without prejudice.

IT IS FURTHER ORDERED that the redacted version of Exhibit 3 must be filed on the publicly accessible docket.

IT IS FURTHER ORDERED that an unredacted version of Exhibit 3 must be filed under seal.

IT IS FURTHER ORDERED that Exhibits 5 to ECF No. 16 and Exhibit 2 to ECF No. 19, filed under seal at ECF Nos. 18-1 and 21 will remain provisionally sealed pending the filing of a motion to seal these exhibits. Defendants must file redacted versions of these exhibits on the publicly accessible docket unless they can justify sealing these documents in their entirety.

IT IS FURTHER ORDERED that Defendants must refile **one** Motion to Seal setting forth a clear roadmap for which exhibits they are seeking to seal. The Motion must cite the standard to seal the documents, and the compelling reasons that support the request.

Dated this 19th day of May 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3