UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FOOTFALL, LLC,

Plaintiff,

v.

ZOUK CONSULTING PTE LTD, et al,

Defendants.

Case No. 2:26-cv-01173-ART-EJY

**ORDER**

Before the Court is the Motion to Stay Discovery filed by Zouk Consulting PTE LTD ("Zouk Singapore") and Zouk Consulting (US) LLC ("Zouk US"). ECF No. 43. The Court considered the Motion, Opposition and Reply. Prior to filing the Motion to Stay Discovery, two Motions to Dismiss were filed by the Zouk entities. ECF Nos. 16 and 19.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554).

The Court took a preliminary peek at Zouk Singapore's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2). ECF No. 16. The Court further peeked at the Opposition (ECF No. 38, and the Reply (ECF No. 40). The Court engaged in its peeking obligation when it reviewed Zouk Singapore and Zouk US's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 19), that Opposition (ECF No. 39) and Reply (ECF No. 41). The arguments in favor of dismissal found in ECF No. 19 rely on a failure to state claims and do not convince the Court that Plaintiff will be unable to do so with respect to the intentional interference claim. While it is a closer call with respect to civil conspiracy, the Court cannot conclude that this Motion to Dismiss at ECF No. 19 is potentially dispositive of the entire case.

However, the Court has greater concern as it relates to personal jurisdiction over Zouk Singapore. ECF No. 16. "When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tools Co. v. Porauto Indus. Co.*, Case No. 2:12-cv-01859-LDG-NJK, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013). And, in such a case, the Court "may not assume the truth of allegations in a pleading which are contradicted by [an] affidavit." *Alexander v. Circus Circus Enterprises, Inc.,* 972 F.2d 261, 262 (9th Cir. 1992) (quotation marks omitted).

The Court reviewed the declaration provided by Michael Kwok-Leung on behalf of Zouk Singapore in support of the Motion to Dismiss. ECF No. 16-1. The Declaration states Zouk Singapore was never a party to a secondment agreement and never seconded employees to Resorts World Las Vegas LLC ("Resorts World"), two issues that lie at the heart of this dispute. *Id.* ¶¶ 24-25. While Zouk Singapore also declares it had no offices, paid no taxes, had no bank accounts, and obtained no gaming or business license issued in Nevada (*id.* ¶¶ 5-11), the entity, through Mr. Kwok-Leung, admits it entered into a management agreement with Resorts World dated November 1, 2020. *Id.* ¶ 13. There is no dispute that Resorts World, a defendant and counterclaimant in this action, is doing business in Las Vegas, Nevada. ECF No. 31-9 at 3 ("Resorts World admits that it does business in Nevada.").

As a general matter, if a relevant federal statute does not provide for personal jurisdiction, a "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). Nevada's long-arm statute is coextensive with the requirements of federal due process. Nev. Rev. Stat. § 14.065(1). Consequently, the personal jurisdiction analysis under Nevada law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). For an exercise of personal jurisdiction to comport with federal due process, the non-resident defendant must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general (based on a forum connection unrelated to the underlying suit) or specific (based on an affiliation between the forum and the underlying controversy). *See, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). General jurisdiction is not argued by the parties.

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out

beyond its home." *Id.* at 359 (citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot*, 780 F.3d at 1211 (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted).

The Court does not opine on the ultimate outcome of the personal, specific jurisdiction arguments raised in the Motion to Dismiss at ECF No. 16; however, the Court is not convinced that Zouk Singapore's arguments will be successful given that it entered into and engaged in effectuating a Management Agreement with Resorts World located in Las Vegas, Nevada. Whether the Agreement and the conduct under it is sufficient to establish personal jurisdiction is a question that must be answered. However, as applicable to a stay of discovery, the fact that such a question exists leads to denial of a complete stay of discovery.

Accordingly, IT IS HEREBY ORDERED that the Motion to Stay Discovery (ECF No. 43) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that a stay of discovery is denied as it would apply to Zouk Consulting (US) LLC.

IT IS FURTHER ORDERED that a stay of discovery is granted as to Zouk Consulting PTE LTD except that discovery related to the issue of personal jurisdiction may proceed. Discovery related to whether personal jurisdiction is properly exercised over Zouk Consulting PTE LTD is limited to a maximum of two depositions, 10 requests for production, and 10 interrogatories all of which **must** seek facts related to the allegations of personal jurisdiction or a lack thereof.

IT IS FURTHER ORDERED that the discovery period commences on the first Court day after the date of this Order and ends 12 weeks (84 days) thereafter.

IT IS FURTHER ORDERED that the parties may agree to an extension of such discovery, presenting a stipulation to the Court regarding the same.

IT IS FURTHER ORDERED that before any discovery motion is filed (whether to compel or for protective order of any kind), the parties must, after meeting and conferring, prepare and file a status report with the Court that succinctly describes the dispute such that the Court may choose to resolve the matter through a promptly set hearing. If briefing is required, it will be ordered by the Court.

Dated: September 18, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE