TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
CHELSEE C. JENSEN, ESQ., Nevada Bar No. 14549
cjensen@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135

Attorneys for Defendants
*ZOUK CONSULTING PTE LTD; and ZOUK CONSULTING (US) LLC*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FOOTFALL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

Plaintiff,

v.

RESORTS WORLD LAS VEGAS, LLC, a Nevada limited liability company; ZOUK CONSULTING PTE LTD, a Singapore corporation; ZOUK CONSULTING (US) LLC, a Delaware limited liability company; DOES I through X, inclusive; and ROE ENTITIES 1 through 10, inclusive,

Defendants.

RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company,

Counterclaimant,

v.

FOOTFALL LLC, a California limited liability company; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,

Counter-Defendants.

CASE NO.: 2:26-cv-01173-ART-EJY

**(Clark County District Court Case No. A-24-891289-B)**

**~~[SECOND PROPOSED]~~ DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

/ / /

/ / /

/ / /

/ / /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

1. **Meetings and Procedural Developments.** The parties initially met via telephone for a Fed. R. Civ. P. 26(f) conference on July 10, 2026. The conference was attended by: (a) Benjamin B. Gordon, Esq. and Charles M. Vlasic III, Esq., for Plaintiff/Counter-Defendant Footfall, LLC ("**Footfall**"); David B. Barney, Esq. for Defendant/Counterclaimant Resorts World Las Vegas, LLC ("**RW**"); and Chelsee C. Jensen, Esq. for Defendants Zouk Consulting PTE LTD ("**Zouk Singapore**") and Zouk Consulting (US), LLC ("**Zouk US**," collectively with Zouk Singapore, "**Zouk Entities**").

The Zouk Entities then filed a Motion to Stay Discovery, and the parties subsequently filed a Proposed Discovery Plan and Scheduling Order ("**First Proposed Order**") pursuant to the Court's instruction. ECF Nos. 43 (Mot. to Stay), 44 (First Proposed Order), 42 (Min Order).

On July 23, 2026, the Court denied the First Proposed Order without prejudice, explain that a joint discovery plan and scheduling order would be due on a date set by the Court if the Motion to Stay Discovery were to be denied. ECF No. 45.

On September 18, 2026, the Court issued its Order, granting in part and denying in part the Motion to Stay. ECF No. 48. The Court denied the Motion to Stay as to Zouk US. As to Zouk Singapore, the Court ordered that:

> a stay of discovery is granted as to [Zouk Singapore] except that discovery related to the issue of personal jurisdiction may proceed. Discovery related to whether personal jurisdiction is properly exercised over [Zouk Singapore] is limited to a maximum of two depositions, 10 requests for production, and 10 interrogatories all of which **must** seek facts related to the allegations of personal jurisdiction or a lack thereof.

ECF No. 48 at 4:20-24 (emphasis in original). The Court then ordered that "the discovery period commences on the first Court day after the date of this Order and ends 12 weeks (84 days) thereafter." ECF No. 4:25-26. The Court's Order did not provide a date on which a renewed proposed scheduling order would be due in light of the denial of the Motion to Stay as to Zouk US.

The parties then met and conferred on October 2, 2026, at which time the parties discussed a renewed proposed discovery plan as to Footfall, RW, and Zouk US as well as the deadlines set by the Court as to jurisdictional discovery against Zouk Singapore. Based on those discussions, the parties now submit this Second Proposed Discovery Plan and Scheduling Order.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

2. **Initial Disclosures**. Footfall and RW have already made their respective Fed. R. Civ. P. 26(a) initial disclosures in this case prior to its removal to federal court. Zouk US will make its initial disclosures on November 9, 2026.

3. **Discovery Plan**. The discovery plan as to Zouk Singapore has been set by the Court, as such discovery is currently limited to issues of jurisdiction. ECF No. 48. According to the Court's Order, the jurisdictional discovery period closes on December 14, 2026. *See id.*

As to the remaining parties, the parties renew their proposal as set forth in the First Proposed Order. The parties jointly propose a slightly longer than the 180-day default period under LR 26-1, running from the date of the Court's Order on the Motion to Stay. The parties propose a 270-day period given, inter alia: the international location of potential witnesses, resulting in differing time zones which may cause scheduling difficulties; the existence of dozens of potential fact witnesses, including third parties; the need for expert discovery by Zouk US; and the large volumes of discovery related to this dispute. The parties thus propose the following discovery plan as to Footfall, RW, and Zouk US:

a. Discovery Cut-Off Date. The parties propose that all discovery, including expert discovery, be completed within 270 days from the Fed. R. Civ. P. 26(f) conference, which is June 16, 2027.

b. Amending the Pleadings and Adding Parties. The parties propose that they shall have until March 18, 2027, to file any motions to amend the pleadings or to add parties. This is 90 days before the fact discovery cut-off date and does not exceed the outside limit LR 26-1(b)(3) presumptively sets for filing such motions.

c. Expert Disclosures. Footfall has already made its initial expert disclosure, and RW has already made its rebuttal expert disclosure in this case prior to its removal to federal court. In accordance with Fed. R. Civ. P. 26(a)(2), as it is permitted to proceed on order of the Court by LR 26-1(b)(3), Zouk US shall have the right to make initial expert disclosures, and Footfall and RW shall have the right to make their rebuttal expert disclosures (if any) in response to the Zouk Entities' initial expert disclosures consistent with the following dates:

/ / /

i. Zouk US Initial Expert Disclosures by April 19, 2027, which is 58 days before the discovery cut-off date, as the typical 60-day period falls on a Saturday;

ii. Footfall/RW's Rebuttal Expert Disclosures by May 17, 2027, which is 30 days before the discovery cut-off date;

d. Dispositive Motions. The parties propose that they shall have until July 16, 2027 to file dispositive motions, which is 30 days after the completion of discovery.

e. Pretrial Order. The parties propose that the pretrial order shall be filed by August 16, 2027, which is 31 days after the date set for filing dispositive motions, as the typical 30-day deadline falls on a Sunday. If dispositive motions are timely filed, this deadline will be suspended until 45 days after decision on the dispositive motions or further court order.

f. Fed. R. Civ. P. 26(a)(3) Disclosures. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be included in the joint pretrial order.

4. **LR 26-1(b) Certifications.**

a. Alternative Dispute Resolution. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation; however, they are not agreeable to pursuing any of these alternative dispute-resolution processes at this time.

b. Alternative Forms of Case Disposition. The parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 70 and use of the Short Trial Program (General Order 2013-01); however, they do not consent to trial by a magistrate judge and/or use of the Short Trial Program at this time.

5. **Electronically Stored Information ("ESI").** The parties have agreed to enter into an ESI Protocol for the production of electronic data and anticipate submitting an ESI Protocol for the Court's consideration and approval promptly following the filing of this Proposed Discovery Plan and Scheduling Order.

6. **Stipulated Protective Order.** The parties have agreed to enter into a Stipulated Protective Order to protect sensitive financial, confidential information, trade secrets, proprietary or other confidential personal or commercial information or documentation, and anticipate



BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106

submitting a Stipulated Protective Order for the Court's consideration and approval promptly following the filing of this Proposed Discovery Plan and Scheduling Order.

7. Electronic Service. The parties agree to accept electronic service of discovery requests and pursuant to Fed. R. Civ. P. 5(b)(2)(E).

DATED this 6th day of November, 2026.

**SGRO & ROGER**

/s/ *Charles M. Vlasic III*
Anthony P. Sgro, Esq.
Benjamin B. Gordon, Esq.
2901 El Camino Ave., Ste. 204
Las Vegas, NV 89102

Charles M. Vlasic III, Esq.
HAYES WAKAYMA JUAN
5798 S. Durango Drive, Suite 105
Las Vegas, NV 89113

*Attorneys for Plaintiff/ Counterdefendant Footfall, LLC*

DATED this 6th day of November, 2026.

**SKLAR WILLIAMS, PLLC**

*/s/ David B. Barney*
Stephen R. Hackett, Esq.
Anthony R. Ager, Esq.
David B. Barney, Esq.
410 South Rampart Blvd., Ste. 350
Las Vegas, NV 89145

*Attorneys for Defendant/ Counterclaimant Resorts World Las Vegas, LLC*

DATED this 6th day of November, 2026.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/s/ Chelsee C. Jensen*
Travis F. Chance, Esq.
Chelsee C. Jensen, Esq.
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106

*Attorneys for Defendant Zouk Consulting PTE Ltd and Zouk Consulting (US) LLC*

**ORDER**

IT IS SO ORDERED.

[signature]
UNITED STATES MAGISTRATE JUDGE

DATE: November 9, 2026